In the Matter of AN ANONYMOUS MEMBER OF THE
SOUTH CAROLINA BAR, Respondent.
(377 S. E. (2d) 567)

Supreme Court

Jan. 13, 1989.

## ORDER

This is an attorney grievance matter. The respondent represented numerous clients in environmental tort litigation. The main claim against him is that he failed to comply with the disclosure requirements of DR 5-106(A), Supreme Court Rule 32, before making an aggregate settlement of his clients' claims. We find that no disciplinary action is appropriate and dismiss this allegation.

DR 5-106(A) provides:

> A lawyer who represents two or more clients shall not make or participate in the making of an aggregate settlement of the claims of or against his clients, unless each client has consented to the settlement after being advised of the existence and nature of all the claims involved in the proposed settlement, of the total amount

of the settlement, and of the participation of each person in the settlement.

The purpose of this provision is to prevent an attorney from "sacrificing the interests of one client to gain an advantage for the other" by giving the client sufficient information to determine if he should accept the settlement. C. Wolfram, *Modern Legal Ethics* (Practitioner's Ed. 1986), p. 493.

This Court has not had occasion to consider the degree of disclosure required under DR 5-106(A). Indeed, there are few decisions which discuss this issue.

By its literal language, DR 5-106(A) requires an attorney to advise each client "of the existence and nature of all claims involved in the proposed settlement" and "the total amount of the settlement." Further, we interpret the language "participation of each person in the settlement" to require the diclosure of the names and amounts to be received by each participant in the settlement. Without knowing the identity of all participants and the amount each will receive, a client may not be able to detect irrelevant factors which may have affected the determination of the amount of recovery a given client is to receive. This interpretation is supported by a decision of the Texas Court of Appeals which held that the failure to provide "a list showing the names and amounts to be received by the other settling plaintiffs" was a violation of DR 5-106(A). *Quintero v. Jim Walter Homes, Inc.*, 709 S. W. (2d) 225, 229 (Tex. App. 1985).

In this case, respondent candidly admits that he did not disclose to each client the name and settlement amount to be received by every other participant in the settlement. We, however, do not believe that any disciplinary action is appropriate for two reasons.

First, the settlement in this case, including the criteria by which the various claims were classified and the amount awarded to each client, was reviewed by a federal judge, a guardian *ad litem* appointed by the court to represent the minor and incompetent clients, and an independent attorney appointed by the court. All of these persons found that the settlement and the method of dividing the settlement was fair to the clients. Additionally, the process by which clients were classified into different groups based on their injuries

was explained to the clients at numerous meetings and hearings.

In our opinion, the information given to the clients was adequate for them to make an intelligent decision whether to accept the settlement, and the independent reviews conducted were sufficient to ensure that one client's interest was not sacrificed at the expense of another, thereby fulfilling the purpose of DR 5-106(A).

Second, respondent did not believe that DR 5-106(A) required disclosure by name of the settlement amounts. This belief was in part fostered by his concern that this level of disclosure might violate the confidences and secrets of his clients.[1] Based on the lack of precedent interpreting DR 5-106(A), respondent's position was at least arguable.

Although we do not find that disciplinary action is appropriate in the present case, we caution the Bar that strict compliance with DR 5-106(A) will be required in the future. Accordingly, the allegation asserting a violation of DR 5-106(A) is

Dismissed.

---

[1] If secrets or confidences of clients must be disclosed to comply with DR 5-106(A), the attorney should obtain the client's consent to disclose this material. If the client will not consent, the attorney should separate that client's case from the other cases and not include it in the aggregate settlement.